UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN G. JOHNSON, | Case No. 1:25-cv-2195 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge James E. Grimes, Jr. |
| HAROLD MAY, Warden, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Jonathan G. Johnson, an inmate at the Mansfield Correctional Institution, filed this civil rights action without a lawyer against Warden Harold May, Officer Dorty Rib, "Maintenance Fackelman K," and Officer D. Blankenship. Plaintiff claims that he is being exposed to mold, asbestos, the odor of feces and urine, starvation, lack of proper ventilation, an unclean cell, and a hot-water shut-off. Also, he appears to claim that he was not able to access religious services and prison officials refused to provide medical treatment. Plaintiff alleges that Defendants' conduct constitutes cruel and unusual punishment proscribed by the Eighth Amendment. He seeks monetary damages and the removal of all black mold, asbestos, and "deadly conditions." (ECF No. 1, PageID #6.)

Plaintiff also filed an application to proceed with the proceedings *in forma pauperis*. (ECF No. 2.) By separate Order, the Court **GRANTS** the application.

## STATEMENT OF FACTS

Plaintiff alleges that, on August 30, 2025, he was placed in a location of the Mansfield Correctional Institution containing "hazardous conditions." He identifies a myriad of purportedly "hazardous conditions," including: black mold in the shower, "massive mildew," asbestos in the vents, no hot water for three days, no cell clean-up, the toilet is connected to the sink, no toilet seat cover, the toilet is "caked with feces," and urine and feces odor in the air. (ECF No. 1, PageID #3–4.) Plaintiff contends that these conditions made him sick. He avers that he was unable to breath, had "massive headaches," vomited blood, and could not eat. (*Id.*, PageID #4.) Also, he alleges that his meals were spaced eight to ten hours apart, he was consequently "starving," and he had "thoughts of dying." (*Id.*) He states that he contacted "medical over and over" and his informal complaints "were getting closed down or extended for weeks [with] no due process." (*Id.*) Plaintiff summarily contends that health officials knew of his condition and disregarded the risks to his health and safety. Additionally, Plaintiff asserts that he wanted to pray to God "but no religious services." (*Id.*, PageID #3.)

After complaining about these conditions, prison officials allegedly moved Mr. Johnson to a different area of the prison. He claims that in the new area the water was still off, there was no ventilation, the "smoke [was] deadly," and the toilet seats had no cover where inmates eat in their cells. (*Id.*, PageID #5.)

Plaintiff maintains that he is housed in conditions causing a substantial risk of harm. He states that "Rib conviction rate is higher"; Warden May "is changing Sgt tickets into Rib tickets resulting in LPH or RH time"; Maintenance is "highly aware"

of the conditions; the Warden should be aware of the "crisis" inside his institution; and Officer Blankenship "closed or extended 98% of informal complaints," suggesting he is "hiding or covering up conditions." (*Id.*)

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers

3

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## I. Eighth Amendment

Plaintiff claims that Warden May, Officer "Dorty Rib," Officer Blankenship, and maintenance employee Fackelman violated his right to be free from cruel and unusual punishment during his incarceration in violation of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the States to punish those convicted of crimes. Punishment may not be "barbarous." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment protects inmates by requiring that "prison officials [] ensure that inmates receive adequate food, clothing, shelter, and medical care, and [] 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, it does not mandate that a prisoner be free from discomfort or inconvenience during his incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement that constitute health threats,

but it does not address those conditions that cause the prisoner to feel merely uncomfortable or that cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, a plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Also, a plaintiff must establish a subjective element showing that the prison officials acted with a sufficiently culpable state of mind. *Id.* at 8. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only where both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

**I.A.    Conditions of Confinement**

Plaintiff's allegations concerning the conditions of his confinement, taken as true and construed in his favor, do not rise to the level of a constitutional violation. Arguably, Plaintiff has alleged conditions that posed a serious risk to his health and safety. But the complaint does not suggest that Defendants were deliberately indifferent to Plaintiff's circumstances. He claims in a conclusory fashion that prison

5

officials were deliberately indifferent because they did not "remove or shut down pods," maintenance "is highly aware" of the conditions, and Officer Blankenship "closed or extended 98% of informal complaints, suggesting he was covering up the conditions. (*See* ECF No. 1, PageID #5.) However, Plaintiff concedes that after informing the prison officials of the conditions that purportedly made him sick, prison officials moved him to another area of the prison. This action suggests Defendants attempted to address Plaintiff's concerns. That is, they responded to his concerns and were not deliberately indifferent. Although Plaintiff continued to complain of the conditions in a new cell, without more that complaint does not establish deliberate indifference. Nor does Defendants' alleged denial of a grievance. Perhaps prison officials were somehow negligent in failing to remedy the conditions. But negligence is not deliberate indifference. And no other allegations in the complaint allege that any Defendant acted with a sufficiently culpable state of mind.

Additionally, Plaintiff cannot hold Warden May liable for the actions of a corrections officer or prison staff member. It is well-established that personal liability cannot be imposed on a supervisor solely because he was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights . *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Rather, "[a]ctive unconstitutional behavior," not "mere failure to act," is required. *Peatross*, 818 F.3d at 241; *Essex v. County of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (citation omitted). Plaintiff must allege that the supervisor "at least implicitly authorized, approved, or knowingly acquiesced in the

6

unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that a supervisor may be actively involved in unconstitutional conduct of a subordinate individual if the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it").

Here, Plaintiff does not allege any facts suggesting that Warden May encouraged, authorized, approved, or knowingly acquiesced in allegedly unconstitutional conduct. The complaint indicates that Warden May "is changing Sgt tickets into Rib tickets resulting in LPH or RH time" and he "should be aware of all crisis inside his institution." (ECF No. 1, PageID #5.) Changing tickets does not imply that the Warden actively participated in in any constitutional violation. And the mere allegation that the Warden should be aware of alleged unconstitutional behavior in the prison does not demonstrate active involvement in it. At most, it is an allegation of negligence, which falls far short of the legal standard. Therefore, Plaintiff fails to state a claim under the Eighth Amendment against Warden May as a supervisor.

For these reasons, Plaintiff fails to plead an Eighth Amendment claim for the conditions of his confinement.

### I.B. Medical Treatment

Next, liberally construed, Plaintiff claims that he was denied medical treatment. Plaintiff asserts that he was unable to breath, had "massive headaches," was throwing up blood, and was "so sick [that he] couldn't eat." (ECF No. 1, PageID #4.) He claims that he "contact[ed] medical over and over, taking every step

7

processing the grievance system," yet his informal complaints "were getting closed down or extended for weeks no due process." (*Id.*) But Plaintiff's allegation is entirely conclusory and fails to demonstrate that he suffered a constitutional violation resulting from a failure to treat his medical conditions. His complaint provides no information on what treatments he was or was not provided or how those treatments, or the lack thereof, constitute deliberate indifference. Nor does he connect any defendant to his alleged denial of treatment. Indeed, Warden May, Officer "Dorty Rib," maintenance worker Fackelman, and Officer Blankenship are not implicated in the treatment of inmate illnesses. Plaintiff's generic statement that "health officials knew of and disregarded an excessive risk to inmate health and safety" is conclusory. Accordingly, Plaintiff fails to state an Eighth Amendment claim for his medical care.

## II. Religious Services

Plaintiff appears to claim that prison officials denied him the ability to access religious services. He states only that he "wanted to pray to God, [but] no religious services." (ECF No. 1, PageID #3.) Whether Plaintiff asserts this claim under the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, is unclear. Either way, his claim fails at the pleading stage..

To state a claim for violation of a prisoner's First Amendment right to free exercise of religion, Plaintiff must allege facts showing that "the belief or practice asserted is religious in the person's own scheme of things " and "is sincerely held," and that "the challenged practice of the prison officials infringes on the religious belief." *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). Prison officials

substantially burden a prisoner's religious exercise if they place "substantial pressure on an adherent to modify his behavior and to violate his beliefs" or "effectively bar" his sincere faith-based conduct. *Haight v. Thompson*, 763 F.3d 554, 565 (6th Cir. 2014) (cleaned up). Similarly, to state a RLUIPA claim, Plaintiff must allege that he seeks to exercise a "sincerely held religious belief" and the defendants substantially burdened that religious exercise. *Cutter v. Wilkinson*, 544 U.S. 709, 715–16 (2005); 42 U.S.C. § 2000cc-1(a). Not "just any imposition on religious exercise will constitute a violation of RLUIPA." *Livingston Christian Schs. v. Genoa Charter Twp.*, 858 F.3d 996, 1003 (6th Cir. 2017).

As an initial matter, Plaintiff fails to state a plausible religious exercise claim against any Defendant because his purported claim is unconnected to any specific person or legal claim, and the claim is entirely conclusory. *See Twombly*, 550 U.S. at 546, 557 (a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" is insufficient to state a claim). Further, Plaintiff failed to allege any facts demonstrating a sincerely held religious belief or that any Defendant placed a substantial burden on the practice of such a belief. His sole, conclusory claim that he wanted to pray but there were no religious services is insufficient. Therefore, Plaintiff fails to establish a violation of the First Amendment or RLUIPA.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

9

**SO ORDERED.**

Dated: January 28, 2026

———————————————
J. Philip Calabrese
United States District Judge
Northern District of Ohio